# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COLONY LENDER, LLC,

    Appellant,

v.

                                        Case No: 8:15-cv-993-T-30
                                    Adversary No: 8:14-ap-00810-KRM
                             Bankr. Case No. 8:13-bk-00348-KRM

BREAKPOINTE, LLC,

    Appellee.

_____

## **ORDER**

THIS CAUSE comes before the Court upon the Appellee's Motion to Dismiss For Lack of Jurisdiction (Dkt. #7) and Appellant's Response in Opposition to the Motion (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

Appellant, Colony Lender, LLC filed a suit for partition of real property in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota, Florida, Civil Division, Case No. 2014 CA 005028 NC on August 28, 2014, (the "Partition Action"), seeking to partition property interests connected with real estate located at 1620 Gulf of Mexico Drive, Town of Longboat Key, Sarasota, Florida (the "Property"). On September 12, 2014, Breakpointe filed a Notice of Removal pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 1334, and Federal Rule of Bankruptcy Procedure 9027, removing the Partition Action to the Bankruptcy Court for the Middle District of Florida and commencing the Adversary Proceeding Adv. No. 8:14-ap-00810-KRM. Breakpointe asserted that the Bankruptcy

Court had jurisdiction of the case because the property interests at issue in the Partition Action were related to the following bankruptcy cases: *In re Colony Beach and Tennis Club, Inc.,* Bankr. Case No. 8:13-bk-00348-KRM, *In re Colony Beach, Inc.,* Bankr. Case No. 8:13-bk-00350-KRM, and *In re Resorts Management, Inc.*, Bankr. Case No.: 8:13-bk-00354-KRM, (jointly administered under Bankr. Case No. 8:13-bk-00348-KRM) (the "Bankruptcy Cases") within the meaning of 28 U.S.C. §§ 1334(b) and 1452(a).

On October 14, 2014, Colony Lender filed a Motion to Remand the Partition Action to state court arguing that the real estate matters at issue were not "related to" the Bankruptcy Cases and in the alternative, the Bankruptcy Court should use its discretion to abstain from exercising removal jurisdiction. On April 20, 2015, after extensive briefing and a lengthy hearing, the Bankruptcy Court issued its Order Denying Motion to Remand (the "Order").

In its Response in Opposition to the Motion, Colony Lender acknowledges that the Order Denying Motion to Remand is interlocutory, and requests leave to appeal. Colony Lender's Notice of Appeal was not accompanied by a motion for leave to appeal as required by Bankruptcy Rule 8004(a)(2). But, the Court will treat its notice of appeal as a motion for leave to appeal as permitted under Bankruptcy Rule 8004(d).

Colony Lender, as the moving party, has "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). "[D]istrict courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule." *In re Lorenzo*, No. 13–23688-CIV, 2014

WL 273130 (S.D. Fla. Jan. 24, 2014). *See also Kondapalli v. Demasi* (*In re Demasi*), 8:13-AP-889-MGW, 2015 WL 773393, at *3 (M.D. Fla. Feb. 24, 2015).

28 U.S.C. §158(a)(3) provides for appeals with leave of the court, from interlocutory orders and decrees, but does not provide the criteria for determining when a district court should exercise its discretionary authority to grant leave to appeal. The Eleventh Circuit considers the factors set forth in 28 U.S.C. § l292(b). *See In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995). Under these standards, a district court will permit an interlocutory appeal when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004). The party seeking review bears the burden of establishing these elements. *See Coopers & Lybrand*, 437 U.S. at 474. The Court must deny leave if the moving party fails to establish any one of the three elements. *In re Celotex Corp.*, 187 B.R. at 749.

Colony Lender asserts that the following are controlling questions of law in this appeal: whether the Partition Action "arises under" the bankruptcy case to confer jurisdiction to the Bankruptcy Court under 28 U.S.C. § 1334(b); whether the Partition Action is a core proceeding under 28 U.S.C. § 157(b)(2); whether the Bankruptcy Court erred in denying remand under application of the doctrine of *res judicata*; whether the Bankruptcy Court should have invoked mandatory abstention with respect to the Partition Action pursuant to 28 U.S.C. § 1334(c); whether the Bankruptcy Court erred in denying remand under application of the doctrine of collateral estoppel; whether the Bankruptcy Court erred in denying remand under application of the *Rooker-Feldman* doctrine.

Colony Lender has not met its burden to persuade this Court to exercise its discretion to grant an interlocutory appeal. The fact intensive nature of the issues presented in this case preclude a finding of a controlling question of law that would permit the Court to "quickly and cleanly" evaluate the issues without reviewing the entire bankruptcy record. *See McFarlin*, 381 F.3d at 1258 ("what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record.") (internal citations and quotation marks omitted).

As to Appellant's proposed controlling questions of law, the Court is not persuaded that there is substantial difference of opinion on those issues. *See Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007) ("to satisfy the second element, [a]ppellant must show that at least two courts interpret the relevant legal principle differently.") *See also In re Pac. Forest Products Corp.*, 335 B.R. 910, 922 (S.D. Fla. 2005) ("It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling….")

Additionally, the Court is not persuaded that allowing an interlocutory appeal will advance the ultimate resolution of the litigation. The Court's reversal of the Bankruptcy Court's denial of the Motion to Remand will neither substantially reduce the amount of litigation left in the Partition Action nor help dispose of the Bankruptcy Cases.[1] *See Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 825 (S.D. Fla. 2007) ("the most

---

[1] The Property is also linked to the adversary proceeding at issue in Adv. Pro. No. 8:14-ap-776, commenced by the Bankruptcy Trustee to determine ownership of certain property interests.

compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire bankruptcy case.")

Accordingly, the Court concludes that the Order Denying Motion to Remand is not eligible for interlocutory appeal. Because the Court lacks jurisdiction, Appellant's construed Motion for Leave to Appeal is denied, Appellee's Motion to Dismiss will be granted and this appeal dismissed.

It is therefore **ORDERED AND ADJUDGED** that:

1. Appellee's Motion to Dismiss For Lack of Jurisdiction (Dkt. #7) is **GRANTED**.

2. This appeal is **DISMISSED** without prejudice.

3. All pending motions are denied as moot and the Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of June, 2015.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-993 dismiss.docx